UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:15-cr-72 |
| JEREMIAH SHANE FARMER, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Disclosure of Agreements, Promises or Other Consideration for Testimony or Cooperation of Witnesses [DE 1124] and the Motion for Production Favorable Evidence [DE 1125] filed by the defendant, Jeremiah Shane Farmer, *pro se* on November 1, 2017. For the following reasons, the motions are **DENIED as MOOT.**

*Background*

The defendant, Jeremiah Shane Farmer, has been charged in the Third Superseding Indictment and the Fourth Superseding Indictment. The grand jury returned a fourth superseding indictment in this matter on November 15, 2017. Farmer currently is charged with conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d) and conspiracy to possess with intent to distribute and to distribute cocaine, marijuana, and alprazolam in violation of 21 U.S.C. § 846.

In the motion for disclosure of agreements, promises or other consideration for testimony or cooperation of witnesses, Farmer has requested the following information:

1. Any assistance given to any witness or other informant on their arrests and/or incarceration in prison through the present date (and to be updated as the assistance is given);

2. Any offers of payment of money for cooperation and/or testimony for any witness, the dates the monies were paid, the amounts of money paid on those dates and the case those payments were directly related to;

3. Any specific inducements or coercive measures taken to secure testimony, cooperation, assistance, or statements from any co-defendants, informants, or witnesses, by any State or Federal investigative agency or the United States Attorney's office; and

4. Any and all information regarding the subject matter of this motion that may be used to impeach the testimony of any co-defendant or other witnesses as contemplated under Federal Rules of Evidence, Rule 609(a) or bear upon the credibility of a witness, Rule 16 Federal Rules of Criminal Procedure and *Harris v. United States,* 371 F.2d 365 (9th Cir. 1967).

Farmer also has requested in the motion for favorable evidence any evidence that may be favorable to his defense, as well as impeachment material and any promises made to cooperating witnesses. The Government filed a response in opposition to Farmer's motions on November 10, 2017.

*Discussion*

The Government must disclose any evidence favorable to a defendant if the evidence is material to either guilt or punishment. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The *Brady* obligation extends to evidence that tends to impeach a government witness' credibility, so long as this evidence is material to the outcome of the trial. *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985); *Barkauskas v. Lane,* 878 F.2d 1031, 1033 (7th Cir. 1989). Evidence is "material" if there is a reasonable probability that its disclosure would change the outcome of the trial. *Bagley,* 473 U.S. at 682, 105 S.Ct. at 3383.

The Seventh Circuit has made it clear that there is nothing in *Brady* that requires the Government to disclose prematurely material impeachment evidence, immunity agreements, or preferential treatment given to prosecution witnesses in exchange for their testimony before trial. ***United States v. McPartlin*, 595 F.2d 1321, 1346 (7th Cir.),** *cert. denied*, 444 U.S. 833, 100 S.Ct. 65, 62L.Ed.2d 43 (1979). Further, Section 3500(a) provides, in pertinent part, that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of ... discovery ... until said witness has testified on direct examination...." **18 U.S.C. § 3500(a).** The Government is not required to provide a defendant with a list of all prospective government witnesses. ***United States v. Napue,*** 834 F.2d 1311, 1317 (7th Cir. 1987). However, materials that fall under both the Jencks Act exemption and *Brady* disclosure requirement should be disclosed early enough that the defendant is not deprived of his right to a fair trial. *See* ***United States v. Adams*, 834 F.2d 632, 635 (7th Cir. 1987);** ***United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).**

To the extent that Farmer's request for information falls within the scope of *Brady*, the Government has indicated that it intends to comply with its obligations pursuant to *Brady* and *Giglio*. It has been held repeatedly that where the Government has made assurances it will comply with *Giglio* and *Brady,* those assurances are sufficient. *See* ***Strickler v. Greene,*** 527 U.S. 263, 283 n. 23, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). The Government has indicated that it provided all Rule 16 discovery and *Brady* material to Farmer on October 31, 2017. Moreover, the Government has indicated that it understands its discovery obligations and that it intends to comply with federal law and court orders regarding deadlines for providing *Brady*, *Giglio*, Jencks material, and any notice of Rule 404(b) evidence.

Based on the foregoing reasons, the Motion for Disclosure of Agreements, Promises or Other Consideration for Testimony or Cooperation of Witnesses [DE 1124] and the Motion for Production Favorable Evidence [DE 1125] are **DENIED as MOOT.**

ENTERED this 18th day of December, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge