UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:15-cr-72 ) |
| JEREMIAH SHANE FARMER, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Severance [DE 1127] filed by the defendant, Jeremiah Shane Farmer, *pro se* on November 1, 2017. For the following reasons, the motion is **DENIED.**

*Background*

The defendant, Jeremiah Shane Farmer, has been charged in the Third Superseding Indictment and the Fourth Superseding Indictment. The grand jury returned a fourth superseding indictment in this matter on November 15, 2017. Farmer currently is charged with conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d) and conspiracy to possess with intent to distribute and to distribute cocaine, marijuana, and alprazolam in violation of 21 U.S.C. § 846.

Farmer has requested severance from the other co-defendants, basing his request on misjoinder, prejudicial joinder due to antagonistic defenses, and a disproportionality of the Government's evidence under Federal Rules of Criminal Procedure 8(b) and 14.

*Discussion*

**Federal Rules of Criminal Procedure 8(b)** states that "[t]he indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. **Federal Rules of Criminal Procedure 8(b).** Moreover, all defendants need not be charged in each count. **Federal Rules of Criminal Procedure 8(b).**

Farmer has claimed that the evidence will show that he "should have never been indicted on these federal charges count 1 racketeering or count 2 drug conspiracy." However, the test under Rule 8(b) is "what the indictment charges, not what the evidence shows." ***United States v. Marzano,*** 160 F.3d 399, 401 (7th Cir. 1998). The simplest case for joinder is where the defendants are charged with having conspired with each other, therefore participated in the same act or transaction. ***United States v. Diaz,*** 876 F.2d 1344, 1355–56 (7th Cir. 1989). Since the indictment sufficiently establishes participation in the same "series of acts or transactions," joinder is proper pursuant to Rule 8(b). Farmer's allegations that he has not had any contact with his co-defendants during his time in prison has no bearing on his claim of misjoinder under Rule 8(b).

**Federal Rule of Criminal Procedure 14(a)** may allow for severance if it would prejudice either a defendant or the Government. However, "the Seventh Circuit recognizes a strong interest in conducting joint trials for persons who have been jointly indicted." ***United States v. Zafiro,*** 945 F.2d 881, 885 (7th Cir. 1991), *cert. granted,* 503 U.S. 935, 112 S. Ct. 1472, 117 L.Ed.2d 617 (1992). Further, "there is a presumption that participants in a conspiracy or other criminal schemes should be tried together, not only to economize on judicial and

prosecutorial resources but also to give the jury a fuller picture of the scheme." *United States v. Cardena,* 842 F.3d 959, 981 (7th Cir. 2016) (quoting *United States v. Phillips*, 239 F.3d 829, 838 (7th Cir. 2001) (internal quotation marks omitted)). Farmer has not shown that there is a serious risk that a joint trial would either compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *See Zafiro v. United States,* 113 S.Ct. 933, 938, 506 U.S. 534, 539 (U.S. 1993).

Farmer has argued that he should be severed based on antagonistic defenses and the disproportionality of the Government's evidence against him. However, "mutual antagonism, finger-pointing, and other manifestations or characterizations of the effort of one defendant to shift the blame from himself to a codefendant neither control nor illuminate the question of severance." *United States v. Zafiro*, 945 F.2d 881, 886 (7th Cir. 1991). Further, a simple disparity in the evidence will not suffice to support a motion for severance. *United States v. Caliendo,* 910 F.2d 429, 438 (7th Cir. 1990) (internal quotation omitted).

Farmer contends that severance is appropriate under *Bruton v. United States*, 391 U.S. 123 (1968). He has argued that denying his motion for severance will violate the Confrontation Clause. However, the Government acknowledges its duty under *Bruton* and the Sixth Amendment, and has made assurances that it will not violate the Confrontation Clause.

Based on the foregoing, the Motion for Severance [DE 1127] is **DENIED.**

ENTERED this 18th day of December, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge

3