**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Cause No. 2:15CR72-PPS** |
| | ) | |
| **JEREMIAH SHANE FARMER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Jeremiah Farmer has opted to represent himself in this complex federal
prosecution set for trial next spring. He has filed a series of motions with the court.
Today I take up the motions dealing with Farmer's claim that this Court lacks
jurisdiction over him. That issue is raised by Farmer in two motions, [DE 1066 & 1129],
and alluded in a couple of others. [*see generally* DE 1067 & 1147]. For the reasons that
follow, I will deny those motions.

Farmer was indicted by a federal grand jury and charged with conspiracy to
participate in racketeering activity in violation of 18 U.S.C. § 1962(d) and conspiracy
with intent to distribute and to distribute cocaine, marijuana, and alprazolam in
violation of 21 U.S.C. § 846. Farmer claims that various provisions of the United States
Constitution, including the "federal zone" clause of Article I, Section 8, and federal
statutes confine the United States's jurisdiction to federally owned lands. Because
Farmer's alleged conduct occurred in Indiana — not on federally owned lands — Farmer
claims that there is no federal jurisdiction over the crimes alleged in this case.

This argument has no merit. Article I, Section 8, Clause 17 of the United States

Constitution grants to Congress the power:

> To exercise exclusive legislation in all cases whatsoever, over such District ... as may ... become the seat of government of the United States, and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings.

U.S. Cons. Art. I., § 8, cl. 17. Contrary to Farmer's arguments, the federal zone clause

limits *states'* authority over federally owned lands; it does not restrain *the United States's*

authority to carry out its constitutionally enumerated powers. *See United States v.*

*Gerhard*, 615 F.3d 7, 26 (1st Cir. 2010) (citing James Madison's explanation for the clause

from Federalist 43, "The public money expended on such places, and the public property

deposited in them, require that they should be exempt from the authority of the

particular State.").

The Constitution empowers the federal government to create, define, and punish

crimes. *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990). It is well established

that the particular statutes Farmer is alleged to have violated — conspiracy to engage in

racketeering activity, 18 U.S.C. § 1962(d), and conspiracy to deal in large quantities of

drugs, 21 U.S.C. § 846, — are within Congress's power to enact. *United States v.*

*Westbrook*, 125 F.3d 996, 1009 (7th 1997); *United States v. Grant*, 343 F. App'x 855, 856 (3d

Cir. 2009). Moreover, this Court also has jurisdiction, as Congress has given the United

States District Courts exclusive jurisdiction over all offenses against the laws of the

United States. 18 U.S.C. § 3231.

**ACCORDINGLY**:

Defendant Jeremiah Shane Farmer's motions to dismiss based on lack of

jurisdiction [DE 1066 & 1129] are **DENIED**.

**SO ORDERED**.

ENTERED: December 19, 2017

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT