UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:15CR72-PPS |
| | ) | |
| JEREMIAH SHANE FARMER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Jeremiah Farmer has opted to represent himself in this complex federal prosecution set for trial next spring. Farmer has filed numerous motions asking for various forms of relief. I have already addressed several of his arguments. Now I address Farmer's claims that his right to a speedy trial has been violated and his requests to restart the speedy trial clock. [DE 1116, 1121, 1213.] For the reasons that follow, I will deny those motions.

Farmer was first indicted by a federal grand jury on January 19, 2017 and charged with conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d) and conspiracy with intent to distribute and to distribute cocaine, marijuana, and alprazolam in violation of 21 U.S.C. § 846. Liberally construing Farmer's *pro se* motions, as I am required to do, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it appears that he is arguing that there have been violations of both the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161. Farmer also apparently requests an immediate trial without any further continuances. He further asks the Court to re-start his speedy trial clock.

The Sixth Amendment guarantees an accused "the right to a speedy and public trial." U.S. Const. amend. VI. The Supreme Court has identified four factors that are relevant in determining whether the Sixth Amendment right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant caused by the delay. *United States v. Koller*, 956 F.2d 1408, 1413 (7th Cir. 1992) (*citing Barker v. Wingo*, 407 U.S. 514, 530 (1972)*)*.

The first factor, the length of delay, acts as a "triggering mechanism." Unless the amount of time that has elapsed between accusation and trial is presumptively prejudicial, the Court need not conduct a searching analysis of all of the factors. *United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007). The Seventh Circuit considers delays that approach one year presumptively prejudicial. *Id.* Farmer's case has been pending for less than one year, but we are quickly approaching one year after he was first indicted. For that reason, I will address the remaining factors.

The second factor, the reason for the delay, weighs in favor of finding there is no violation. Some of the reason for the delay was due to the need to evaluate Farmer's mental competency, which took nearly four months to complete. The other delays are attributable to the complexity of this case, which Farmer's previous counsel, as well as counsel for his co-defendants, agreed was the case. Farmer can hardly take issue with this finding, given that this case involves allegations of a conspiracy spanning 13 years, involving 32 co-conspirators, and including multiple murders, robberies, and drug

2

trafficking. According to the government, more than 25,000 pages of discovery have been turned over to the defendants. "Delays due to the complexity of the case and the large number of defendants support a finding that no Sixth Amendment violation occurred." *United States v. Hills*, 618 F.3d 619, 630 (7th Cir. 2010) (internal quotation marks omitted). Although Farmer may not like that his previous counsel, and counsel for his co-defendants, agreed to continuances due to the complexity of the case, his dislike does not mean that the government is more to blame for the delay.

The third factor cannot be disputed, as Farmer has repeatedly filed motions seeking to invoke his Sixth Amendment right. So I turn to the final factor, prejudice resulting from the delay. The Sixth Amendment right exists in order to prevent oppressive pretrial incarceration, minimize anxiety and concern of the accused, and limit the possibility that the defense will be impaired. *Id.* at 632. "[A]s long as the government shows reasonable diligence in prosecuting its case, a defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation, no matter how long the delay." *Id.* Farmer has not articulated how he has been prejudiced by the delays beyond claiming that he has a right to a speedy and public trial and that his rights have been violated. He briefly notes that any delay prevents him from "being proven innocent." [DE 1116.] Without any further explanation, however, I cannot say that this is the case. Farmer is scheduled to proceed to trial in May 2018, about one year and four months after his initial indictment. It is difficult to see how a delay of this length would affect his ability to present a defense. To the contrary, since Farmer has

just recently fired his third court-appointed attorney and decided to proceed *pro se*, his defense will require adequate preparation, which is likely not possible if Farmer proceeded to trial immediately.

Farmer also claims that the delay in bringing him to trial violates the Speedy Trial Act. The Speedy Trial Act is a statutory provision, distinct from the Sixth Amendment's guarantee of a speedy trial. It requires criminal trials to commence within 70 days of the indictment or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The Act recognizes however that certain delays are justifiable and permits this time to be excluded from the 70-day clock. *Id.* § 3161(h); *see also United States v. O'Connor*, 656 F.3d 630, 635-36 (7th Cir. 2011). Among others, delays resulting from any proceeding to determine the mental competency of the defendant and delays resulting from the filing and dispositions of pretrial motions are excluded. 18 U.S.C. § 3161(h).

A review of the record reveals that there has been no Speedy Trial Act violation. From the date of Farmer's indictment until his trial on May 14, 2018, there will have been a total of 480 days. However, nearly all of this time – from March 6, 2017 until trial – is excludable from Speedy Trial Act calculations for one reason or another. Under § 3161(h)(6), the presence of codefendants is relevant and affects the calculations, as excludable delay of one defendant "may be ascribed to all codefendants in the case, absence severance." *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991). Although Farmer has sought a severance multiple times, severance has not been granted. [DE 1248.] Farmer's previous counsel and his co-defendants' counsels agreed that the time

4

between March 6, 2017 through June 13, 2017 was excludable from Speedy Trial Act calculations because of the case's complexity. [DE 675.]  On June 13, 2017, the Court held a status conference and set this case for trial on May 14, 2018.  The parties all agreed that the time until the trial was excludable because of the complexity of the case. [DE 825 & 844.]  It's also worth noting that, though subsumed in the other excludable time periods, there was another four-month delay – from April 11, 2017 to August 9, 2017 – because Farmer's mental competency was being evaluated. [DE 756 & 956.]  Thus, the only time included in the Speedy Trial Act calculations is the time from Farmer's indictment on January 19, 2017 to March 6, 2017 – 46 days.  This is well within the Speedy Trial Act's requirement that a defendant be brought to trial within 70 days.

There also is no basis to re-start the Speedy Trial Act clock, as the defendants in this case have already agreed that, due to the case's complexity, the time until trial is excluded.  Farmer's motions for a severance have been denied, and, as I previously explained, an excludable delay from one defendant can be ascribed to all of his co-defendants.  To the extent that Farmer's request to re-start his Speedy Trial clock also encompasses a request to sever his case from that of his co-defendants, that request has already been denied by the Magistrate Judge.  I will not disturb that ruling.

**ACCORDINGLY**:

Defendant Jeremiah Shane Farmer's motions [DE 1116, 1121, 1213] are **DENIED**.

**SO ORDERED**.

ENTERED: January 5, 2018

5

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT