UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:15CR72-PPS |
| ) | |
| JEREMIAH SHANE FARMER, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Jeremiah Shane Farmer, who is proceeding in this case without a lawyer, has filed two motions that request the Court's help in securing his constitutional rights: one motion titled "Entrie Respectfuly Requesting Chief Judge Help in Receiving Due Process Rights to the Courts" [DE 1067], and another titled "Affidavit for Truth And Belief. Entrie Askin Judge and AUSA Help in Exercising the U.S. Constitutional Right and Showing the Courts that Defendant Farmer U.S. Constitution and Due Process Rights to the Courts has bein Violated" [DE 1117].

In the first motion [DE 1067], Farmer states that he has had his due process rights to the courts violated, "along with numerous other constitution [sic] violations by the Courts, public defenders and the Government." Farmer then inexplicably states the title of a previous motion having to do with this Court's alleged lack of federal criminal jurisdiction. I have already addressed Farmer's Rule 12 motion and found his arguments on this point to be meritless. [DE 1255.] Farmer raises no new grounds for

the violation of his due process rights, and his request for "Chief Judge help in receiving due process rights to the Courts" is unintelligible.

In the second motion [DE 1117], Farmer again asks for the Judge's help in exercising his constitutional rights. In this motion, he is more specific, and he claims that his rights have been violated because: (1) the statute of limitations has run on the charges against him; (2) he has not received any of the evidence that will be used against him at trial; (3) the Court previously struck Farmer's pro se motions filed when he was represented by counsel; (4) he has been denied the right to a fast and speedy trial; (5) there is no evidence that supports the charges against him; and (6) his previous counsel would not file motions that Farmer wished for him to file.

Each of these arguments is meritless. First, the statute of limitations has not run because, although the conspiracy goes back as far as 2003, the government has alleged overt acts that occurred in the past five years, within the statute of limitations for both the racketeering and drug conspiracy. Second, as the Court has already held [*see* DE 1241], the government has been ordered to turn over all *Brady* material and evidence that is required to be turned over. The government has assured the Court that it has done so, and those assurance are enough. *See Strickler v. Greene*, 527 U.S. 263, 283 n.23 (1999). Third, Farmer is correct that the Court previously struck Farmer's pro se motions filed when he was represented by counsel. That is the rule in this Circuit. In any event, the Court has granted some of Farmer's requests to review the previously stricken motions [DE 1113], and he has since filed numerous additional motions.

Fourth, for all of the reasons that I stated in my prior order [DE 1264], there have been no violations of Farmer's right to a fast and speedy trial. Fifth, Farmer was indicted by a grand jury, and once the grand jury finds probable cause and issues an indictment, that "conclusively determines the existence of probable cause to believe that the defendant perpetrated the offense alleged." *Kaley v. United States*, 134 S. Ct. 1090, 1097 (2014). "A challenge to the reliability or competence of the evidence supporting a grand jury's finding of probable cause will not be heard." *Id.* (internal quotation marks omitted). Finally, Farmer's previous counsel refused to file motions that Farmer wished for him to file, but there is no evidence that this was prejudicial. Farmer has since opted to represent himself in this matter and has had the opportunity to file all of those motions.

**ACCORDINGLY**:

Defendant Jeremiah Shane Farmer's Entrie Respectfuly Requesting Chief Judge Help in Receiving Due Process Rights to the Courts [DE 1067] is **DENIED**.

Farmer's Affidavit for Truth and Belief [DE 1117] is **DENIED**.

**SO ORDERED**.

ENTERED: January 5, 2018

/s/    Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT