UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Cause No. 2:15CR72-PPS |
|  | ) |  |
| JEREMIAH SHANE FARMER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Before the Court are a slew of motions that were filed by Defendant Jeremiah Farmer during the short period of time in which he opted to represent himself in this matter. After several of his motions were denied by the Court, Farmer filed a notice of appeal as to some of those rulings. The Seventh Circuit dismissed his appeal on June 11, 2018, and his remaining motions are now ripe for my review. I will address each motion in turn.

Farmer was indicted by a federal grand jury and charged with conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d) and conspiracy with intent to distribute and to distribute cocaine, marijuana, and alprazolam in violation of 21 U.S.C. § 846. After having been appointed 3 different attorneys, on October 25, 2017, the Magistrate Judge granted Farmer's request to represent himself in this matter. Following his attorney's withdrawal, Farmer filed numerous motions seeking to dismiss the indictment against him. On January 26, 2018, after a hearing, the

Magistrate Judge appointed yet another attorney for Farmer. He is now represented and is scheduled to proceed to trial later this year.

Farmer's first motion, titled "Affidavit for Truth and Belief," raises several grounds which Farmer believes warrant dismissal of the indictment. [DE 1130.] From what I can glean from his motion, Farmer first appears to be alleging that there was a problem with the summoning of the grand jury. But Farmer simply recites "Criminal Procedure 18.3322 Chapter 216" and relays several requirements of a grand jury. It's not at all clear to me what he's saying happened with respect to his particular case. If he is alleging that the grand jury was not properly constituted, he has presented absolutely no evidence whatsoever to support this claim.

Second, Farmer says there is no evidence to prove he engaged in racketeering. Whether that statement is true or not is for a jury to decide. Third, Farmer claims he has been denied his Rule 16(a)(1) material. But the government has repeatedly represented to the Court that it has complied with all of its discovery obligations. Those assurances are sufficient. *See Strickler v. Greene*, 527 U.S. 263, 283 n.23 (1999). Fourth, Farmer claims he has been denied access to the courts, thereby denying him due process and equal protection. I'm not sure what this means. By filing all of his own motions, he clearly has had access to the courts.

Farmer also claims he has received ineffective assistance of counsel because his prior attorneys would not file certain motions that Farmer wished for them to file. However, Farmer was allowed to proceed *pro se* for as long as he wanted, until he

requested another attorney. As I explained earlier, he has now been appointed four different attorneys. He is currently represented by counsel, and this has removed any possibility of prejudice resulting from his attorneys' prior representation.

Lastly, in this motion, Farmer requests a hearing to challenge the truthfulness of factual statements made by "the affiant." I'm not sure who the affiant is or what Farmer is specifically alleging here. Because he also claims that the "Grant Jury and Courts" violated the Fourth Amendment, it may be that Farmer is trying to request a *Franks* hearing. "[W]hen a defendant makes a substantial preliminary showing that the police procured a warrant to search his property with deliberate or reckless misrepresentations in the warrant affidavit, and where such statements were necessary to the finding of probable cause, the Fourth Amendment entitles the defendant to an evidentiary hearing to show the warrant was invalid." *United States v. McMurtey*, 704 F.3d 502, 504 (7th Cir. 2013). Conclusory allegations do not entitle a defendant to a hearing. *Id.* at 509. Farmer here makes only conclusory allegations and does not even specify what allegedly misleading or false statement or omission was included in a warrant. That does not entitle him to a hearing.

Next, Farmer's second motion concerns his desire to see the grand jury materials. [DE 1142.] Farmer also claims that the grand jury was not legally drawn because the jurors were not qualified. Grand jury proceedings are presumptively secret. However, the Court may authorize disclosure of a grand jury matter at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that

3

occurred before the grand jury. Fed. R. Crim. P. 6(e)(3)(E)(ii). The burden is on the defendant to show that disclosure of the grand jury transcripts is appropriate. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). A defendant must demonstrate a "compelling necessity" or a "particularized need" that is sufficient to overcome the important interest in securing grand jury secrecy. *United States v. Lisinski*, 728 F.2d 887, 893 (7th Cir. 1984). Unsubstantiated and speculative assertions of prosecutorial misconduct are not sufficient. *See United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980); *see also United States v. Griggs*, 2010 WL 4630841, at *6 (N.D. Ind. Nov. 3, 2010). That is all Farmer has presented here, and therefore his request is denied.

Farmer's next motion is incoherent. He asks for the Court's help in investigating "a conspiracy theory within the government, judges, AUSA, public defenders in U.S. court." [DE 1146.] It's not at all clear to me what this means. This Court does not investigate conspiracy theories. There are many other arguments raised in this motion, but I have rejected each and every one of them in my prior orders, so I will not rehash Farmer's arguments here.

Farmer repeats his request for the Court's help in investigating this "conspiracy theory" by appointing a private investigator in his next motion. [DE 1147.] He alleges a host of constitutional violations, including violations of his First, Fourth, Fifth, Sixth, Eighth, Ninth and Tenth Amendment rights. Again, I have addressed, and rejected, all of the specific arguments Farmer has raised in past motions concerning his alleged violations of his constitutional rights. Likewise, as I said above, there is no procedure

for Farmer to request this Court to appoint a private investigator to look into Farmer's allegations that the judges, prosecutors, and defenders are in a conspiracy against him.

The next motion filed by Farmer [DE 1150] actually raises four specific grounds on which he seeks relief. First, he argues the prosecutor has failed to turn over *Brady* material. I have already rejected this argument on the basis that the government has represented to this Court that it has complied with its *Brady* obligations.

Second, Farmer says that the prosecutor has engaged in misconduct by employing improper investigative techniques. Specifically, Farmer challenges the composition of the grand jury and the jurors' qualifications. For the reasons stated above, this argument is meritless.

Third, Farmer essentially argues that his prior counsel were ineffective and that this has prejudiced his plea bargaining. He also takes issue with his prior attorneys' failure to file motions that Farmer wanted them to file. I have explained many, many times before: Farmer was allowed to proceed in this matter *pro se*. During this time, Farmer filed motion after motion asking for various forms of relief. There is no evidence that his prior attorneys' failure to file his motions prejudiced him since he ultimately got to file them himself.

Fourth, Farmer claims that the government has engaged in "manipulation of the charges, even if no bad faith." Again, it's not clear to me exactly what Farmer is claiming. He says that the charges are frivolous and he knows he is innocent. However, a jury will decide that question.

5

Farmer next requests that the indictment be dismissed based on an objection he has lodged repeatedly against the grand jury. [DE 1162.] He claims that the grand jurors lack legal qualifications. A motion to dismiss the indictment may be based on objections to the array of jurors or on the lack of legal qualification of an individual juror pursuant to Federal Rule of Criminal Procedure 6(b)(2). Objections to the legal qualifications of jurors under Rule 6(b)(2) refers to the ability of jurors to sit on the grand jury under 28 U.S.C. § 1865. That statute provides five bases for disqualifying individuals from sitting on a grand jury, including, among others, lack of U.S. citizen and inability to read or speak the English language. Here, Farmer has simply alleged that the grand jurors lack legal qualification without any evidence or explanation of why he believes that is the case. Therefore, this motion must be denied.

In another motion titled "Objectin to My Indictment Respectfuly Ask Judge to Reconsider Farmer Indictment," Farmer implores this Court to dismiss his indictment because he believes that he is innocent of the charges. [DE 1163.] He thinks that the indictment against him was filed in retaliation for civil cases he has filed, but he has presented absolutely no evidence supporting this claim. However, dismissing the indictment is not the proper action at this time. The government has broad discretion to determine what persons to prosecute and what charges to bring against those persons. *United States v. Sandoval-Curiel*, 50 F.3d 1389, 1394 (7th Cir. 1995). To even obtain a hearing on selective or vindictive prosecution, Farmer must present specific evidence that raises a reasonable doubt as to whether the government acted improperly in

seeking an indictment. *United States v. Heidecke*, 900 F.2d 1155, 1159 (7th Cir. 1990). Farmer instead has simply alleged that there has been vindictive prosecution with nothing more. For this reason, Farmer's motion must be denied.

The next motion is one in which Farmer asks for the Chief Judge's help in getting the government to respond to all of his filed motions. [DE 1164.] The government has responded to Farmer's motions. Farmer also repeats his arguments for why he believes the Speedy Trial Act has been violated in this case. For all of the reasons I have stated in my prior orders, it has not. Moreover, since the filing of the last of his pro se motions, Farmer's attorney has requested an insanity evaluation, which is currently underway. That time is excludable from Speedy Trial Act calculations. 18 U.S.C. § 3161(h)(1)(A). Other excludable time can be attributed to Farmer's numerous motions, *id.* § 3161(h)(1)(D), and his appeal of some orders to the Seventh Circuit, *id.* § 3161(h)(1)(C).

Next, Farmer again raises his complaint that there is a conspiracy against him. [DE 1232.] He raises his same arguments concerning his belief that he is innocent of the charges against him, that the grand jury was not lawfully drawn, and that he has received ineffective assistance of counsel because his prior attorneys would not file his motions. For all of the reasons, I have previously stated, this motion is denied.

In another motion [DE 1252], Farmer objects to the third and fourth superseding indictments and points to several problems with his arraignment, including that he did not have standby counsel, he was never read the indictment even though he never

waived its reading, and that the prosecutor taunted him. Again, Farmer has been provided four different attorneys, and even though he was not represented by an attorney at the arraignment hearing, that was exactly what he asked for at the time. He now is represented by counsel, so there is no prejudice. Although Farmer claims that he did not waive a formal reading of his indictment, the Court's records indicate otherwise. [DE 1220.]

I also reject Farmer's baseless accusations that the government attorneys taunted Farmer or hold any personal animus or prejudice against him. Farmer has presented absolutely no evidence of this. Taunting is never, and would never, be tolerated in this Court. Moreover, the government attorneys in this case have conducted themselves respectfully and professionally at all times, and Farmer has given me no reason to believe his case is any exception.

This motion also includes a request from Farmer for a change of venue to the Seventh Circuit due to prejudice and a conflict of interest with the prosecutor. This prejudice, Farmer claims, is due to the government's introduction of racketeering evidence and crimes committed by other co-conspirators, as well as the government's desire to proceed to trial against the defendants who have not agreed to plead guilty. However, there has been no evidence of any prejudice or conflict of interest. The government has charged a RICO conspiracy, and thus co-conspirators' statements may potentially be introduced pursuant to the Federal Rules of Evidence. Moreover, there is nothing retaliatory about the government's proceeding to trial against defendants who

did not plead guilty. And anyways, I granted Farmer's motion for severance, so he will not be proceeding to trial with any of his co-defendants. [DE 1538.] There is no other basis to support a change of venue in this case, especially not to the Court of Appeals, which is not a trial court.

Another pending motion from Farmer deals with his discovery requests. [DE 1254.] Farmer seeks "302 Report field investigation report," grand jury transcripts, proffered material, and any and all evidence. He further objects to the Magistrate Judge's amended protective order [DE 1081]. I have already addressed Farmer's prior requests for additional disclosures from the government. With respect to the Magistrate Judge's amended protective order, Farmer gives no basis for his objection to it beyond saying he was never informed of any deadlines. In any event, it is a routine protective order for which I discern nothing objectionable.

And finally, Farmer's last motion [DE 1270] is a motion to file a notice of appeal on his denied motions. Farmer did appeal to the Seventh Circuit, which dismissed his appeal. Therefore, this motion is moot.

**ACCORDINGLY**:

Defendant Jeremiah Shane Farmer's motions [DE 1142, 1146, 1147, 1150, 1163, 1164, 1232, 1252, 1254] are DENIED. Farmer's motion to file a Notice of Appeal [DE 1270] is DENIED AS MOOT.

**SO ORDERED**.

ENTERED: July 13, 2018.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT