UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:15-CR-72 |
| | ) | |
| JEREMIAH SHANE FARMER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant Farmer's Motion to Sever for Trial the June 25, 1999 Murder Allegations From the RICO Conspiracy Charges Because Prejudicial Joinder, filed by Defendant, Jeremiah Shane Farmer, on April 29, 2019 [DE 2019]. For the reasons set forth below, the motion to sever is DENIED.

Farmer is charged by way of fifth superseding indictment with: (1) being part of a RICO conspiracy involving the Latin Kings, in violation of 18 U.S.C. § 1962 (Count One); and (2) a drug conspiracy, in violation of 21 U.S.C. § 836 (Count Two). [DE 1819.] One of the specific overt acts alleged in the RICO conspiracy is that Farmer murdered two people – Harvey Siegers and Marion Lowery. [*Id.* ¶ 24(a).] In this motion, Farmer moves to sever that specific act – the murders – from the rest of the RICO count.

Rule 14 provides, "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). A motion to sever should be granted only when there is "a serious risk of unfair

prejudice that deprives the defendant of a fair trial." *United States v. Smith*, 308 F.3d 726, 736 (7th Cir. 2002). The defendant has the burden of showing actual prejudice from joinder. *United States v. L'Allier*, 838 F.2d 234, 241 (7th Cir. 1988). "[I]t is not enough for a defendant to show that separate trials may have provided him a better opportunity for acquittal. Rather, a defendant must be able to show that the denial of severance caused him actual prejudice in that it prevented him from receiving a fair trial." *United States v. Carter*, 695 F.3d 690, 700-01 (7th Cir. 2012) (quotation marks and citations omitted). In addition, the defendant's showing of actual prejudice must be balanced against policy encouraging judicial economy and the avoidance of lengthy and repetitious trials involving the same evidence and same witnesses. *Smith*, 308 F.3d at 736.

A single trial is appropriate if it is within the jury's capacity, given the complexity of the case, to follow admonitory instructions and to keep separate, collate, and appraise the evidence. *United States v. Moore*, 115 F.3d 1348, 1362 (7th Cir. 1997). "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Zafiro v. United States*, 506 U.S. 534, 541 (1993).

Here, defendant Farmer has already been severed from the other defendants in this case. Now Farmer is additionally requesting severance of the murder allegations contained in Count One, from the other RICO conspiracy charges in Count One. In other words, he wants to sever off just a portion of Count One from the rest of the case.

2

Farmer provides me with no case law as precedent in support of this unusual request to sever one overt act apart from the rest of the conspiracy. The conspiracy as charged continued from about 1999 through the date of the fifth superseding indictment, so it does encompass the overt act of the alleged murders of Marion Lowery and Harvey Siegers. [DE 1819 at 8.]

Moreover, contrary to Farmer's argument that RICO and the murders are "essentially two separate offense[s]," they are all part of the same conspiracy. To prevail on the RICO conspiracy count, the Government would have to prove a pattern of racketeering activity, meaning that the defendant agreed that some member or members of the conspiracy would commit at least two racketeering acts. *See, e.g., United States v. Briseno*, 843 F.3d 264, 274 (7th Cir. 2016). Because one of the alleged racketeering acts are the murders, those murders are a potential way for the Government to prove the RICO count. I see no reason to hamstring the Government in its presentation of evidence in two separate trials by severing the alleged murders from the overall conspiracy. "Defendant [] do[es] not cite any authority to suggest that a crime committed to further a conspiracy may be too inherently prejudicial to allow presentation therefore to the jury." *United States v. Dickens*, 695 F.2d 765, 779 (3d Cir. 1982) (*abrogated on other grounds*) (affirming district court's refusal to sever one racketeering act involving the murder of a policeman, from the rest of the case); *see also United States v. Hosseini*, 679 F.3d 544, 553-54 (7th Cir. 2012) (affirming denial of severance where conduct forming the factual basis for a drug conspiracy charge against

3

one defendant was part of the same series of acts and transactions as the RICO-conspiracy and money-laundering charges against both defendants.)

Farmer argues that with regard to the RICO conspiracy, he would like to challenge the scope and activities of the Latin King gang, but with regard to the murder charges, he may be required to testify to explain statements/admissions he allegedly said to three friends regarding the murders. [DE 2019 at 3-4.] In other words, Farmer suggests that he would like to testify on the issue of the murders but not on the other acts or gang affiliation. This argument is flawed in itself, because there is not a separate charge for the murders - those allegations are part of the overt acts that make up the RICO conspiracy.

Moreover, the Seventh Circuit has stated that "severance is not mandatory every time a defendant wishes to testify to one charge and remain silent about another. If that were the law, a court would be divested of all control over the matter of severance and the choice would be entrusted to the defendant." *United States v. Ely*, 910 F.2d 455, 459 (7th Cir. 1990) (citing *United States v. Peters*, 791 F.2d 1270, 1287 (7th Cir. 1986)). Severance is only required when a defendant demonstrates that he has: (1) important testimony to give concerning some counts and (2) a strong need to refrain from testifying with regard to other counts. *Id.* at 457. Here, Farmer merely says he *may* testify to explain the statements he made regarding the charged murders. This vague and speculative statement does not come close to being a clear indication of prejudice that would outweigh the benefits of trying these charges in the same trial. It would be

extremely uneconomical (and frankly, it just doesn't make sense because these charges are all part of one conspiracy), to attempt to parse out the murder charges from the rest of the conspiracy and have two trials with overlapping witnesses and testimony.

In sum, I do not think that denial of the severance would result in actual prejudice, or deprivation of a fair trial for Farmer. Therefore, the Motion to Sever for Trial the June 25, 1999 Murder Allegations From the RICO Conspiracy Charges Because Prejudicial Joinder [DE 2019] is DENIED.

ENTERED: May 6, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT