UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:15-CR-72 |
| | ) | |
| JEREMIAH FARMER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Pro se defendant, Jeremiah Farmer, has filed a number of motions that he labels as motions for a new trial based upon newly discovered evidence. [DE 3032, 3037, 3038, 3040, 3051.] For the reasons set forth below, the motions are DENIED. The motion to amend his Rule 33 motions [DE 3044] is also DENIED. The motion for the court to appoint an attorney to represent Farmer for his Rule 33 motion [DE 3033] is also DENIED.

Federal Rule of Criminal Procedure 33 allows a court to vacate its judgment and grant a new trial on the defendant's motion, if justice so requires. Fed. R. Crim. P. 33. The rule allows for the filing of this motion within fourteen days after the verdict. Fed. R. Crim. P. 33 (b)(2). Farmer originally filed numerous Rule 33 motions post-trial, which I addressed and denied in a lengthy opinion dated October 6, 2020. [DE 2765.] Rule 33 also allows for the filing of such motion within three years of the date the defendant was found guilty if the motion is based on newly discovered evidence. Fed. R. Crim. P. 33(b)(1). The verdict was delivered against Farmer on July 9, 2019. Thus, all

but the last Rule 33 motion, filed on July 28, 2022 [DE 3051] were timely filed.  The last motion Farmer styled as a motion under Rule 33, DE 3051, is denied as untimely.

In seeking a new trial based on newly discovered evidence, Farmer must demonstrate the new evidence "(1) was discovered after trial, (2) could not have been discovered sooner through the exercise of due diligence, (3) is material and not merely impeaching or cumulative, and (4) probably would have led to acquittal." *United States v. O'Malley*, 833 F.3d 810, 813 (7th Cir. 2016).  "The recantation of an important witness fits this description; new DNA analysis or other scientific evidence also would come within Rule 33." *United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010).

Farmer has not demonstrated any new evidence at all of this type.  Rather, his motions rehash old arguments he made in his original motions for new trial years ago, discuss trial testimony (which isn't new evidence that couldn't have been discovered sooner), and contain other legal argument that he has made over and over in this case.  The motions for new trial based upon newly discovered evidence under Rule 33 are therefore denied.  Because Farmer has not identified any newly discovered evidence which is likely to lead to a different result in a new trial, I also decline to appoint counsel for Farmer's Rule 33 motions.  *See, e.g., United States v. Berger*, 375 F.3d 1223, 1226-27 (11th Cir. 2004) (citing cases finding there is no constitutional right to an attorney for a post-conviction, post-appeal Rule 33 motion); *Trenkler v. United States*, 268 F.3d 16, 20 (1st Cir. 2001) (after final conviction, appointment of counsel rests in discretion of courts).  The motion to amend the Rule 33 motions is denied for the same

reason: Farmer has not identified any newly discovered evidence which is likely to lead to a different result in a new trial.

In addition to Farmer's arguments that he has new evidence of his innocence, he does make some arguments in these motions (such as ineffective assistance of counsel) that seem to go more towards a challenge to the validity of his sentence on constitutional grounds, thus some aspects of these motions resemble a collateral attack, such as under 28 U.S.C. § 2255(a). The Seventh Circuit has said that a district court must warn a prisoner and provide an opportunity to withdraw or amend the motion if the court chooses to recharacterize a filing as a section 2255 motion. *United States v. Evans*, 224 F.3d 670, 675 (7th Cir. 2000). But the Court does "not *require* that district courts recharacterize a motion as one under § 2255." *O'Malley*, 833 F.3d at 816 (emphasis in original).

The Seventh Circuit has firmly held that "we are not required to recharacterize a motion as one that falls under § 2255 if the defendant did not previously file a § 2255 motion (and so is not attempting to avoid the bar on successive motions), and he insists he has other grounds for relief." *United States v. Avant*, 851 F.App'x 643, 644 (7th Cir. 2021) (citing *O'Malley*, 833 F.3d at 815-16 ("[H]ere [defendant] chose to use Rule 33. There was no need to recast his submission as one under § 2255."); *Glaus v. Anderson*, 408 F.3d 382, 288 (7th Cir. 2005) ("[T]here are pitfalls of different kinds for prisoners using the wrong vehicle . . . [i]n most cases, therefore, the district court should evaluate cases as the plaintiffs label them."). This is true for Farmer's motions - he insists he has

3

new evidence and thus the motions are properly brought under Rule 33, and he has not previously filed a section 2255 motion, so he is not attempting to get around the rule against successive section 2255 motions. Therefore, I analyzed Farmer's motions under Rule 33, as he brought them.

To the extent Farmer chooses in the future to file a Section 2255 petition challenging the validity of his sentence on constitutional grounds, Farmer is cautioned that Section 2255 contains a 1-year statute of limitations which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). "[A] collateral attack under § 2255 must be filed within one year after the date on which the judgment of conviction becomes final . . . ." *United States v. Woods*, 169 F.3d 1077, 1078 (7th Cir. 1999).

Additionally, successive petitions under section 2255 are not allowed. If Farmer chooses to file a petition under section 2255, he should do so by filing only one motion, in which he articulates all of his grounds for relief in that one motion.

## Conclusion

For the reasons articulated above, the motions for a new trial based upon newly

discovered evidence [DE 3032, 3037, 3038, 3040, 3051] and the motion to amend his Rule 33 motions [DE 3044] and the motion for the court to appoint an attorney to represent Farmer for his Rule 33 motion [DE 3033] are all DENIED.

ENTERED: August 3, 2022.

s/Philip P. Simon<br>
PHILIP P. SIMON, JUDGE<br>
UNITED STATES DISTRICT COURT