UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:15-CR-72 |
| | ) | |
| JEREMIAH SHANE FARMER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Jeremiah Farmer is serving multiple life sentences for crimes related to his involvement with the Latin Kings, the most vicious of which were murdering two elderly gentlemen with a sledge hammer to eliminate them as witnesses to an earlier gang shooting. He now seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic as well as mental health issues, what he claims is cruel and unusual punishment in prison, and his father's illness [DE 2999]. The government filed a memorandum in opposition to this motion. [DE 3015.] Farmer was granted an extension of time to file a reply up until August 3, 2022, but to date, no reply was filed. [DE 3024.] Getting right to the point, I do not find compassionate release warranted for Farmer, who failed to establish he exhausted his administrative remedies, already had COVID-19, and received the vaccine.

Farmer is a 41-year old male who is currently incarcerated at USP Hazleton in Bruce Mills, West Virginia, serving life sentences. In his motion, Farmer makes many legal arguments, claiming he was erroneously convicted. [DE 2999 at 2-5.] This court

has already addressed many of these legal arguments (and will not do so here as this is the wrong vehicle for such claims). Farmer also argues he is entitled to release because of COVID-19, his mental health issues, cruel and unusual punishment he has received in prison including the use of excessive force, and the failing health of his father. [*Id.* at 5-7.]

The government has provided Farmer's medical records which confirm that Farmer has a number of mental health issues including cannabis use disorder, opioid use disorder, other specified trauma and stressor related disorder, stimulant related disorders, antisocial personality disorder, and borderline personality disorder. [DE 3017 at 6.] Farmer is on a number of medications, however, he has repeatedly been caught diverting his medications and being abusive and threatening to the medical staff. [*Id.* at 1-8, 11-12, 68, 259, 349.] Farmer concedes that he has already had COVID-19, and has since received the vaccine. [*Id.* at 37, 52, 231; DE 2999 at 6.][1]

Farmer was convicted by a jury of a racketeering conspiracy and commission of the murder of Marion Lowery and Harvey Siegers while committing or attempting to commit criminal gang activity, as well as conspiracy to possess with intent to distribute drugs. [DE 2162.] The evidence at trial showed that Farmer was a member of the dangerous Latin Kings street gang, and that he committed numerous acts of violence and robberies in furtherance of his gang activity. On October 27, 2020, I sentenced

---

[1] Farmer has received at least one dose of the Pfizer vaccine on April 27, 2021. [DE 3017 at 231.] It is unclear from his voluminous medical records whether he received any additional COVID-19 vaccinations.

Farmer to a term of life on both counts, to be served concurrently. [DE 2797.]

First and foremost, Farmer has not established that he exhausted his administrative remedies. Before coming to court, a person seeking compassionate release must first request relief from the warden of the institution. The statute requires a defendant to "fully exhaust[ ] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). In this case, Farmer makes no mention of making any request to the warden. Additionally, the government received an e-mail from BOP officials on May 18, 2022, indicating the U.S. BOP has no record of Farmer filing a request for compassionate release with the warden. [DE 3015 at 16.]

The Seventh Circuit has firmly established that "the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (emphasis in original). Where, as here, the government has raised exhaustion as a defense [DE 3015 at 14-16], a defendant must show he presented his request for release to the warden at his facility, and either: (1) exhausted his administrative appeals (if the request was denied); or (2) has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A); *Sanford*, 986 F.3d at 781-82 ("the defendant must first present his request for compassionate release to the warden and exhaust administrative appeals (if the required is denied) . . . ."). Exhaustion is required each time a defendant seeks compassionate release. *See, e.g.,*

3

*United States v. Cain*, No. 1:16-cr-00102-JAW-1, 2021 WL 388436, at *4 (D. Maine Feb. 3, 2021) (collecting cases). To properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

Here, Farmer has provided no evidence that he sought compassionate release from the warden at his facility, or anything indicating he presented the issues here to the warden in his request. Therefore, I must deny the motion for compassionate release.

I note that even if I were to evaluate the substance of the motion, I would still deny it because there are no "extraordinary and compelling reasons" for release. 18 U.S.C. § 3582(c)(1). The Seventh Circuit has all but eliminated the ability of a prisoner to win compassionate release based on the risk of contracting COVID-19 in prison, especially where they are vaccinated, like Farmer. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *United States v. Kurzynowski,* 17 F.4th 756, 760-61 (7th Cir. 2021); *see also United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Additionally, Farmer's desire to care for his aging father who is having health issues also does not qualify as an extraordinary and compelling reason. *See, e.g., United States v. Cephus*, No. 2:09 CR 43, 2021 WL 3884829, at *3 (N.D. Ind. Aug. 31, 2021) (quoting *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (empathizing with difficult family situations, but concluding that "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). Moreover, while Farmer

4

undoubtedly suffers mental health issues, these also do not justify release, especially in light of the fact that Farmer is refusing to take his medications.

Finally, I will add for the sake of completeness, the section 3553(a) factors do not come close to weighing in Farmer's favor.  18 U.S.C. § 3553(a).  Farmer committed one of the most heinous crimes that has ever come before me in this courthouse, and he is serving concurrent life sentences. Continued incarceration is needed to provide just punishment.

Farmer also alleges violation of his Eighth Amendment right against cruel and unusual punishment, complaining about actions of the prison guards and his treatment. However, while Farmer purports to raise a claim under the Eighth Amendment in his motion, "an Eighth Amendment claim relating to the manner and conditions of confinement – are not properly brought in a motion for compassionate release . . . and this Court does not have jurisdiction to consider them." *United States v. Perez*, No. 18 CR 4145-H, 2020 WL 4732056, at *5 (S.D. Cal. Aug. 14, 2020).

## Conclusion

For all of these reasons, Farmer's  motion for compassionate release [DE 2999] is DENIED.  The Clerk is ORDERED to mail Farmer a copy of this order.

ENTERED: August 17, 2022.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5