UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:15-CR-72 |
| | ) |
| JEREMIAH SHANE FARMER, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Jeremiah Farmer, who is serving multiple life sentences, filed what constitutes his second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [DE 3191.]  Like his first motion, Farmer largely relies upon mental health issues in arguing he should be released, but he also includes more than 50 pages of legal argument in his motion attacking the validity of his conviction and judgment.

First, this is not the proper vehicle to consider Farmer's general legal argument relating to his conviction and sentence.  He has a pending section 2555 motion before this Court, and those types of arguments will be considered then.

Second, the motion suffers from the same problem as his first motion for compassionate release [DE 2999], which is that Farmer has not established that he exhausted his administrative remedies.  Before coming to court, a person seeking compassionate release must first request relief from the warden of the institution.  The statute requires a defendant to "fully exhaust[ ] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf."  18 U.S.C.

§ 3582(c)(1)(A).  Exhaustion is required each time a defendant seeks compassionate release.  *See, e.g., United States v. Cain*, No. 1:16-cr-00102-JAW-1, 2021 WL 388436, at *4 (D. Maine Feb. 3, 2021) (collecting cases).  To properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court."  *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

Here, Farmer makes the cryptic statement on page 73 of his motion that he has "suffered a deprivation of exhausting his administrative remedies and administration and central office interfered with this process not responding in the time period to do so" [DE 3191 at 73] but he has provided no evidence that he sought compassionate release from the warden at his facility, or anything indicating he presented the issues here to the warden in his request.  Therefore, I must deny this motion for compassionate release.

I note that even if I were to evaluate the substance of the motion, I would still deny it because there continue to be no "extraordinary and compelling reasons" for release.  18 U.S.C. § 3582(c)(1).  Farmer includes in his motion a page from his prison medical records dated May 10, 2022, listing his mental diagnoses. [DE 3191 at 4.] However, this same page was provided to me when I was considering his first motion for compassionate release [DE 3017 at 583], and I included a discussion in my first ruling explaining why Farmer's mental health issues do not justify release [DE 3068].

2

Finally, I note the section 3553(a) factors do not come close to weighing in Farmer's favor. 18 U.S.C. § 3553(a). Farmer committed an incredibly violent and egregious crime that resulted in two deaths and he is serving concurrent life sentences. Continued incarceration is needed to provide just punishment.

## Conclusion

For all of these reasons, Farmer's motion for compassionate release [DE 3191] is DENIED. The Clerk is ORDERED to mail Farmer a copy of this order.

ENTERED: July 18, 2023.

/s/   Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT